IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERON NAPIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-00355-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sheron Napier brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").

The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 26 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 27 (order of reference).)

Upon consideration of the administrative record ("R.") (Doc. 19), Napier's brief (Doc. 21), the Commissioner's brief (Doc. 22), and the arguments presented at the hearing held February 12, 2014 (*see* Docs. 23, 28), it is determined that the

Commissioner's decision denying Napier benefits should be **REVERSED** and **REMANDED** for further proceedings not inconsistent with this decision.[1]

## I. Procedural Background

Napier filed applications for SSI and DIB on November 24, 2009 (R. 126-132). As to her SSI application, Napier's protective filing date is November 9, 2009 (*see* R. 58). As to her DIB application, Napier alleged she became disabled August 7, 2004 (*see* R. 126). Both applications were initially denied. (*See* R. 61-70.) A hearing was then conducted before an Administrative Law Judge on July 12, 2011 (*see* R. 41-56). On September 16, 2011, the ALJ issued a decision finding Napier not disabled (R. 21-40), and Napier sought review from the Appeals Council. The Appeals Council issued its decision declining to review the ALJ's determination on May 15, 2013 (*see* R. 1-6)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on July 11, 2013 (*see* Doc. 1).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, a plaintiff (also sometimes referred to herein as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether a plaintiff has met this burden, and thus proven that he or she is

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 26 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

2

disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* An ALJ, in turn,

> uses a five-step sequential evaluation to determine whether the [plaintiff] is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. App'x 868, 870 (11th Cir. Feb. 9, 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court, then, is to determine whether the Commissioner's

3

decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is ***supported by*** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

On appeal to this Court, Napier argues that three reasons require this Court to find that the Commissioner's decision to deny her benefits is in error (*i.e.,* is not supported by substantial evidence):

(1) The Commissioner erred in rendering a physical RFC that is not supported by the evidentiary records and not linked to the evidence of record;

(2) The Commissioner erred in failing to assess Napier's credibility; and

(3) The Commissioner erred in relying upon the assessment of both a non-examining, reviewing State Agency consultant (Dr. Hinton) and a non-examining, reviewing psychologist (Dr. McKeown, who was present at the hearing) as the evidentiary basis for the mental RFC.

4

Napier's first asserted error requires the Court to find that the ALJ's RFC determination is not supported by substantial evidence, which thus, triggers remand to the Commissioner. Therefore, there is no need to consider Napier's other two asserted errors herein. *Cf. Salter v. Astrue*, No. CA 11–00681–C, 2012 WL 3817791, at *2 (S.D. Ala. Sept. 4, 2012) ("Because the Court determines that the decision of the Commissioner should be reversed and remanded for further proceedings based on the plaintiff's second claim, regarding the RFC determination, there is no need for the Court to consider the plaintiff's other claims." (citing *Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims."))).

### III. <u>Analysis</u>

A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and work pressure"—"is a medical assessment of what th[at plaintiff] can do in a work setting despite any mental, physical or environmental limitations caused by [his or her] impairments and related symptoms." *Watkins*, 457 Fed. App'x at 870 n.5 (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)); *see also Packer v. Commissioner, Soc. Sec. Admin.*, 542 Fed. App'x 890, 891 (11th Cir. Oct. 29, 2013) (per curiam) ("An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments." (citing *Lewis*, 125 F.3d at

1440)). At the fourth step of the sequential analysis, at which the ALJ determines a plaintiff's RFC, an ALJ utilizes the plaintiff's past relevant work as a starting point, from which his or her current impairments (or at least those documented by credible evidence) are deducted, to determine: (1) the RFC; and (2) whether that RFC allows the plaintiff to perform his or has past relevant work *or, if not,* whether, considering that RFC, along with the plaintiff's age, education, and work experience, there are other jobs he or she can perform.[2] *See Watkins*, 457 Fed. App'x at 870 n.5 ("The ALJ's finding as to a [plaintiff's] RFC is based on **all the relevant evidence in the record**, including any medical evidence, and is used in steps four and five of the sequential evaluation to determine whether the claimant can do her past relevant work or any other work." (citing §§ 404.1545(a)(1), (5), 416.945(a)(1), (5)) (emphasis added)).

In his decision finding Napier not disabled, the ALJ's RFC determination details very specific physical and mental limitations, which he states were determined "[a]fter careful consideration of the entire record[.]" (R. 27.) As to Napier's physical RFC, the ALJ found she

---

[2] Indisputably, an ALJ is never going to find an RFC that is in excess of a plaintiff's past-relevant work, as that work is categorized **by the ALJ**. Therefore, if a claimant had past relevant work in the medium and light range—**as categorized by the ALJ**—an ALJ is not going to then find an RFC greater than medium work and, indeed, might even "default" to light work. *Cf. Squires v. Astrue*, Civil No. 07-5096, 2008 WL 1776941, at *9 (W.D. Ark. Mar. 24, 2008) (rejecting a plaintiff's argument "that the ALJ [erred] in concluding that she could return to work at a heavier exertional level than she had ever performed in the past"; in doing so, the court noted that the VE was present during the plaintiff's description of her past work as a caregiver and "categorized the caregiver job based on plaintiff's own description of the position, which would qualify the job as heavy work" under the regulations (citations omitted)).

has the residual functional capacity to sit for 6 hours out of 8 hours, and sit without interruption for 1 to 2 hours; stand for 6 hours out of 8 hours, without interruption 1 to 2 hours; can lift, carry, push and pull frequently up to 15 pounds, and occasionally up to 30 pounds; can perform simple grasping and fine manipulations with the right hand and left hand; use feet, right, left, both, for repetitive movements such as operating foot controls or push and pull; can occasionally bend, stoop, crawl, climb stairs, ladders, ropes and scaffolds, crouch, kneel and balance.

(R. 27.)

Napier contends that these physical limitations are not supported by, and linked to, substantial record evidence.

To find that an ALJ's RFC determination—or any aspect of that determination—is supported by substantial evidence, it must be shown that the ALJ has "provide[d] a sufficient rationale to link" substantial record evidence "to the legal conclusions reached." *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005); *compare id., with Packer v. Astrue*, Civil Action No. 11–0084–CG–N, 2013 WL 593497, at *4 (S.D. Ala. Feb. 14, 2013) ("[T]he ALJ must link the RFC assessment to specific evidence in the record bearing upon the claimant's ability to perform the physical, mental, sensory, and other requirements of work." (quoting *Salter*, 2012 WL 3817791, at *3)), *aff'd* 542 Fed. App'x 890[3]; *see also Hanna v. Astrue*, 395 Fed. App'x 634, 636 (11th Cir. Sept. 9, 2010) (per curiam) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review. . . .

---

[3] In affirming the ALJ, the Eleventh Circuit rejected Packer's substantial evidence argument, noting, she "failed to establish that her RFC determination was not supported by substantial evidence" in light of the ALJ's consideration of her credibility and the medical evidence. *Id.* at 892.

7

Absent such explanation, it is unclear whether substantial evidence supported the ALJ's findings; and the decision does not provide a meaningful basis upon which we can review [a plaintiff's] case." (internal citation omitted)); *Ricks v. Astrue*, No. 3:10–cv–975–TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) ("'The existence of substantial evidence in the record favorable to the Commissioner may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached.' Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision." (quoting *Russ*, 363 F. Supp. 2d at 1347)); *compare Packer*, 2013 WL 593497, at *4 (While "the Eleventh Circuit has declined to impose overly rigid requirements when reviewing disability decisions[,] meaningful review . . . requires [that] ALJs [ ] state with clarity the grounds for their decisions." (internal citations and quotation marks omitted)), *with Packer*, 542 Fed. App'x at 891-92 ("There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." (citing *Dyer*, 395 F.3d at 1211)).[4]

---

[4] It is the ALJ's (or, in some cases, the Appeals Council's) responsibility, not the responsibility of the Commissioner's counsel on appeal to this Court, to "state with clarity" the grounds for an RFC determination. Stated differently, "linkage" may not be manufactured speculatively by the Commissioner—using "the record as a whole"—on appeal, but rather, must be clearly set forth in the Commissioner's decision. *See, e.g., Durham v. Astrue*, Civil Action No. 3:08CV839-SRW, 2010 WL 3825617, at *3 (M.D. Ala. Sept. 24, 2010) (rejecting the Commissioner's request to affirm an ALJ's decision because,

8

While there are no medical opinions in the record to support the ALJ's assessment of Napier's ***physical*** RFC, that alone is not fatal. *See, e.g., McMillian v. Astrue*, CA No. 11–00545–C, 2012 WL 1565624, at *4 n.5 (S.D. Ala. May 1, 2012) (noting that decisions of this Court "in which a matter is remanded to the Commissioner because the ALJ's RFC determination was not supported by substantial and tangible evidence still accurately reflect the view of this Court, ***but not to the extent that*** such decisions are interpreted to require that substantial and tangible evidence must—in all cases—include an RFC or PCE from a physician" (emphasis added, internal punctuation altered, and citation omitted)). As to the ***physical*** RFC assessment, however, the ALJ has merely set forth his assessment (*see* R. 27), laid out the record evidence and ***mental*** opinion evidence (*see* R. 28-34), and assessed Napier's credibility (*see* R. 32-34). The ALJ neither explains the basis for the physical restrictions he imposes nor links his legal conclusions (*i.e.,* the physical restrictions he imposes) to record evidence.[5] In this regard, this ALJ's

---

according to the Commissioner, overall, the decision was "adequately explained and supported by substantial evidence in the record"; holding that affirming that decision would require that the court "ignor[e] what the law requires of the ALJ[; t]he court 'must reverse [the ALJ's decision] when the ALJ has failed to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted'" (quoting *Hanna*, 395 Fed. App'x at 636 (internal quotation marks omitted))); *see also id.* at *3 n.4 ("In his brief, the Commissioner sets forth the evidence on which the ALJ ***could have*** relied . . . . There may very well be ample reason, supported by the record, for [the ALJ's ultimate conclusion]. However, because the ALJ did not state his reasons, the court cannot evaluate them for substantial evidentiary support. Here, the court does not hold that the ALJ's ultimate conclusion is unsupportable on the present record; the court holds only that the ALJ did not conduct the analysis that the law requires him to conduct." (emphasis in original)); *Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave.").

[5] This is significant because the ALJ found Napier suffered from two severe

failure "to show [his] work"[6] is similar to the RFC assessment this Court addressed in *Hunter v. Colvin*, No. CA 2:12–00077–C, 2013 WL 1219746 (S.D. Ala. Mar. 25, 2013):

> Here, the ALJ summarizes the plaintiff's testimony (*see* R. 17) and makes a credibility determination as to the same (*see* R. 19); he discusses the medical expert testimony from the hearing, offered by Dr. Johns, (*see* R. 18) and accords it great weight (*see* R. 21); the ALJ summarizes the medical evidence (*see* R. 18-19); and he discusses the medical evidence in relation to each severe impairment (to find "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the [his RFC] assessment") (*see* R. 19-21). The ALJ, however, fails to consider the medical and other evidence and ***link*** that evidence—*i.e.,* "describing how the evidence supports each conclusion"—to his ultimate conclusion that the plaintiff retains the ability to perform less than the full range of light work. This failure compels the Court to conclude that the RFC determination is not supported by substantial evidence, which prevents meaningful review by this Court and requires that this matter be remanded to the Commissioner for further consideration. *See, e.g., Saunders v. Astrue*, Civil Action No. 1:11cv308–WC, 2012 WL 997222, at *5 (M.D. Ala. Mar. 23, 2012) (concluding that, where the record does not include an evaluation of the plaintiff's ability to perform the physical requirements of work, "[i]t is unclear how the ALJ reached the conclusion that Plaintiff 'can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently' and sit, stand and/or walk for six hours in an eight hour workday"); *cf. Dunham v. Astrue*, No. 1:09CV 53 SNLJ(LMB), 2010 WL 2553878 (E.D. Mo. May 6, 2010) ("There is no opinion from any physician, treating or consulting, regarding plaintiff's ***ability to function in the workplace*** with his combination of impairments. As such, there is no medical evidence in the record suggesting that plaintiff can, or cannot, perform light work.") (emphasis

---

***physical*** impairments: arthritis and degenerative disc disease. (*See* R. 26.)

[6] *Compare Sosa v. Colvin*, Civil Action No. 13–00269–N, 2014 WL 413491, at *7 (S.D. Ala. Feb. 4, 2014), *with Grayer v. Colvin*, No. CA 13–0292–C, 2014 WL 852451, at *13 (S.D. Ala. Mar. 5, 2014) ("The linkage requirement is simply another way to say that, in order for this Court to find that an RFC determination is supported by substantial evidence, ALJs must 'show their work' or, said somewhat differently, show ***how*** they applied and analyzed the evidence to determine a plaintiff's RFC." (emphasis in original)).

added), *report & recommendation adopted*, 2010 WL 2553882 (E.D. Mo. June 23, 2010).

*Id.* at *10 (citation modified and footnote omitted). The ALJ's assessment is, thus, not supported by substantial evidence because this Court lacks a "sufficient rationale to link" tangible record evidence as to Napier's remaining ability to do work, despite her documented severe physical impairments, "to [the] legal conclusions [as to Napier's physical limitations] reached" by the ALJ. *Russ*, 363 F. Supp. 2d at 1347; *accord Hanna*, 395 Fed. App'x at 636 (the ALJ's decision lacks sufficient "clarity to enable [this Court] to conduct [a] meaningful review" and thus find that the decision is supported by substantial evidence).

## IV. Conclusion

It is accordingly **ORDERED** that the decision of the Commissioner of Social Security denying Napier benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 17th day of March, 2014.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**