## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERON NAPIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-00355-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This action is before the Court on the petition for attorney's fees under 42 U.S.C. § 406(b) (Doc. 36) filed by Byron A. Lassiter, Esq. ("Counsel"), counsel for the Plaintiff claimant, in which Counsel requests "$8,988.25 as an attorney's fee for legal services rendered to the Plaintiff."[1] The Defendant Commissioner of Social Security ("the Commissioner") has timely responded, stating no opposition. *See* Doc. 38. Upon consideration, the Court finds that the petition is due to be **GRANTED** as set forth herein.

### I.     Background

On July 11, 2013, the Plaintiff, represented by Counsel, instituted this action by filing a complaint seeking judicial review of an unfavorable decision of the Commissioner under 42 U.S.C. § 405(g). Doc. 1. The Commissioner answered and

---

[1] By consent of the parties (*see* Doc. 26), the Court has designated the undersigned United States Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Doc. 27.

the assignments of error were briefed on both sides. Docs. 18, 21, 22. On March 17, 2014, the Court entered Judgment remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 30. The Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)[2] (Doc. 25), on June 13, 2014, which the Court granted on July 1, 2014, awarding the Plaintiff $5,022.81 in attorney's fees under EAJA. *See* Doc. 35. Following remand to the Social Security Administration (SSA), the Commissioner ultimately issued a favorable decision for the Plaintiff on July 16, 2015, awarding her various past-due benefits. Doc. 36-2 at 1; Doc. 36 at 4.

In a notice dated August 25, 2015, the SSA informed Plaintiff that it has "withheld the amount of $8,988.25," representing the balance of 25 percent of the past-due benefits for [the Plaintiff], in anticipation of direct payment of an authorized attorney's fee, minus $6,000.00 representing an administrative attorney fee. Doc. 36-2 at 4; Doc. 36 at 4. Counsel filed the present petition on October 13, 2015, requesting that the Court issue an order awarding him the $8,988.25 under § 406(b).[3] Doc. 36 at 5.

---

[2]   [S]uccessful Social Security benefits claimants may request a fee award under the EAJA. Under the EAJA, a party that prevails against the United States in court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 796, 122 S. Ct. at 1822; *Reeves v. Astrue*, 526 F.3d 732, 736 (11th Cir. 2008). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).

[3] *Cf. Thomas v. Astrue*, 359 F. App'x 968, 971 (11th Cir. 2010) (per curiam) (unpublished) ("The Commissioner ultimately awarded Thomas $63,703.36 in total past-due social security benefits and set aside 25 percent of that award ($15,925.84) for attorney's fees. The attorney who represented

## II.    Analysis

[U]nder 42 U.S.C. § 406(b), a court entering judgment in favor of a Social Security benefits claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered."*Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002). For example, courts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case. *Id.* at 808, 122 S. Ct. at 1828. A § 406(b) fee is paid by the claimant out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

*Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).[4] "42 U.S.C. § 406(b) authorizes an award of attorney's fees where[, as here,] the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam).

### a.    Timeliness

The Eleventh Circuit has held that "Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim." *Id.* Rule 54(d)(2)(B)(i) provides that, "[u]nless a statute or a court order provides otherwise, [a] motion[ for attorney's fees] must be filed no later than 14 days after the entry of judgment." Here, in ordering remand, the

Thomas during the administrative proceedings was awarded $5,300 in fees under § 406(a), leaving a balance of $10,625.84 for attorney's fees available under § 406(b).").

[4] "Under 42 U.S.C. § 406(b)(2), it is a criminal offense for an attorney to collect fees in excess of those allowed by the court." *Jackson*, 601 F.3d at 1271. *See also Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense. §§ 406(a)(5), (b)(2) (1994 ed.); 20 CFR §§ 404.1740–1799 (2001).").

Court did not specify a deadline within which the Plaintiff's counsel could seek attorney fees following an award of past due benefits by the Commissioner. The Court is also unaware of any statute, standing order, or local rule that would provide for a different time to file. Thus, Counsel's § 406(b) petition is subject to Rule 54(d)(2)'s 14-day deadline. The Eleventh Circuit, however, has not yet decided when this 14-day period begins to run for § 406(b) petitions. *See id.* at 1277-78 ("To determine whether the petitions were timely requires deciding when the 14 day period for filing the petitions provided in the rules begins to run for a § 406(b) petition. Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely.").

On remand, the Commissioner issued a favorable decision for the Plaintiff on July 16, 2015, with past-due benefits awarded beginning from May 2010, and notices issued on August 25, 2015.[5] Counsel did not file the present petition until October 13, 2015. If it were to consider only these circumstances, the Court doubts that the petition would be considered timely under Rule 54(d)(2). *See Wilson v. Comm'r of Soc. Sec.*, No. 5:05-CV-434-OC-PRL, 2012 WL 4760913, at *1 (M.D. Fla. Oct. 5, 2012) ("Courts have construed th[e *Bergen*] rule liberally, holding that the fourteen day period begins to run after the plaintiff is served with the SSA's notice of awarding benefits."(citing cases)); *id.* at *1-2 ("On July 2, 2012, the Social Security Administration ('SSA') issued a letter notifying Plaintiff's counsel, that it

---

[5] The August 2015 notice expressly advises: "Section 206(B) of the Social Security Act [42 U.S.C. § 406(b)], as amended, governs fees for services before the court. If your lawyer wishes to receive a fee for those services, he must send the petition for those fees to [this Court]." Doc. 36-2 at 4.

withheld $74,459.75 of the award for attorney's fees, which represents twenty-five percent of Plaintiff's award. Plaintiff asserts, however, that this letter was not received until July 23, 2012. Subsequently, on July 31, 2012, Plaintiff filed the instant Motion seeking $50,000, in attorneys' fees, pursuant to the 'Fee Agreement—SSI and Social Security' dated May 7, 2003 . . . Here, although the notice from the SSA is dated July 2, 2012, the Court accepts Plaintiff's attorneys' representations that (i) the letter was not received until July 23, 2012, and (ii) that this is the first notice Plaintiff received from the SSA indicating the amount of fees withheld. Thus, since Plaintiff filed this Motion on July 31, 2012, eight days after counsel was notified of the amount of money withheld for fees, the Court finds Plaintiff's Motion timely." (docket citations omitted)).

Though the Commissioner has stated she "has no objection to the petition"(Doc. 30 at 1), that in itself does not waive the issue of timeliness. "The Supreme Court has noted that the Commissioner 'has no direct financial stake' in § 406(b) fee awards to a claimant's attorney; instead, the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants.' "*Thomas v. Astrue*, 359 F. App'x 968, 972 n.4 (11th Cir. 2010) (per curiam) (unpublished).

The Eleventh Circuit has shown sympathy to an attorney who found himself in a situation similar to Counsel's. In vacating the district court's dismissal of that attorney's § 406(b) fee petition as untimely under Rule 54(d)(2) and remanding with instructions that the district court determine the fees owed, the Eleventh Circuit stated:

> We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g). Our understanding is the amount of fees owed under a contingency arrangement is not established for months after remand, until the Social Security Administration determines the amount of the client's award. In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2. As we understand it, however, the best practice has not been a universally-workable solution. Perhaps another vehicle for creating some much needed certainty in this area of the law is for the district courts to fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstance. It is our hope the district courts, in doing so, will keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants. *See Bergen,* 454 F.3d at 1276.

*Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished).

Given that 1) the question of when Rule 54(d)(2)'s 14-day period begins to run for § 406(b) petitions remains unsettled in this Circuit, (2) the Court did not specify a deadline for such a petition in remanding the case, (3) this district does not have a general order, local rule, or other set procedure regarding such petitions, (4) the fact that the Plaintiff's past-due benefits awards were not determined until months after remand, (5) the Commissioner has voiced no opposition, and (6) the Plaintiff was clearly put on notice by his retainer agreement with Counsel that he would have to pay Counsel 25% of any awarded past-due benefits, *see infra.*, the Court will deem Brock's present § 406(b) petition timely.

### b.   *Reasonableness*

> In *Gisbrecht v. Barnhart*, the Supreme Court considered 42 U.S.C. §
> 406(b) and clarified its impact on the district court's role in awarding a
> reasonable fee following a favorable claim for Social Security benefits. *See*
> 535 U.S. 789, 807, 122 S. Ct. 1817, 1828, 152 L. Ed. 2d 996 (2002).
> Although § 406(b)(1)(A) gives district courts the power to "determine and
> allow as part of its judgment a reasonable fee" following a favorable claim
> for Social Security benefits, 42 U.S.C. § 406(b)(1)(A), it does not empower
> them to ignore the fee agreements entered into by parties when
> determining what a reasonable fee would be, *see Gisbrecht*, 535 U.S. at
> 807, 122 S. Ct. at 1828 (concluding that "§ 406(b) does not displace
> contingent-fee agreements as the primary means by which fees are set").
> Instead, courts must look to the agreement made by the parties and
> independently review whether the resulting fee is reasonable under the
> circumstances. *Id.* Accordingly, [a court] must look to the fee agreement
> made by [a claimant] and his attorney.

*Keller v. Comm'r of Soc. Sec.*, 759 F.3d 1282, 1284 (11th Cir. 2014).

In retaining Counsel to represent him, the Plaintiff entered into a Fee
Agreement-Title II and/or Title XVI (Doc. 36-3) ("the Contract"). The contract
provides, in relevant part, as follows:

> It is understood and agreed that I will pay an attorney's fee that will be 25% of the
> combined gross retroactive benefits from Social Security and Supplemental
> Security Income (SSI) resulting from a favorable award of the Commissioner,
> prior to any reduction under Section 1127(a) of the Act . . .

> If the appeal of my claim results in a favorable decision of the type justifying an
> award of attorney's fees under the Equal Access To Justice Act (EAJA), my
> attorney shall have the option and right to file, at the attorney's discretion, a
> motion under the Equal Access To Justice Act (EAJA) seeking additional
> attorney's fees to be set by the Federal Court and paid by the federal government.
> My attorney shall have the option to retain either the EAJA fee or a fee, if any
> under 42 U.S.C. § 406(b), which ever amount shall be higher, and refund to me
> the lower of the two amounts, if any.

Doc. 36-3 at 1. Because the Plaintiff had a favorable outcome on remand, Counsel is
entitled to "25% of the combined gross retroactive benefits from Social Security and
Supplemental Security Income (SSI) . . ." *Id.*

In *Gisbrecht v. Barnhart,* the Supreme Court

> explained that even when a contingency agreement complies with the statutory limit and caps the fee at 25 percent of the claimant's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases."[535 U.S.] at 807, 122 S. Ct. at 1828.
>
> Even when there is a valid contingency fee agreement, *Gisbrecht* sets forth certain principles that a district court should apply to determine if the attorney's fee to be awarded under § 406(b) is reasonable. *See id.* at 808, 122 S. Ct. at 1828. Under *Gisbrecht* the attorney for the successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.,* 122 S. Ct. at 1828. The district court may reduce the fee based on the character of the representation and the results achieved; and if the recovered benefits are large in comparison to the time the claimant's attorney invested in the case, a downward adjustment may be in order. *Id.,* 122 S. Ct. at 1828. The *Gisbrecht* Court held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling [of 25 percent of the claimant's recovered benefits]; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09, 122 S. Ct. at 1829.

*Thomas,* 359 F. App'x at 974-75 (footnote omitted).

Plaintiff was awarded $59,953.00 in retroactive benefits. Doc. 36 at 4. Thus, Counsel's total fees are capped, both statutorily and under the terms of his contingency fee agreement with the Plaintiff, at $14,988.25 (i.e. 25% of $59,953.00), $6,000.00 of which has already been awarded him by the SSA for his services in representing the Plaintiff there. *See* 42 U.S.C. § 402(a)(1) ("Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the

regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim."). Thus, the Court's duty now is to determine whether it is reasonable for Counsel to also receive the remaining $8,988.25 for his services to the Plaintiff under their contingency fee agreement.

Counsel's sworn timesheet documenting the amount of time spent on representing the Plaintiff (Doc. 36-2 at 1-3) indicates that he devoted 27.00 hours to the endeavor. The Court finds that the benefits awarded to the Plaintiff are not so "large in comparison to the amount of time counsel spent on the case" such that "a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. A full award of $14,988.25 would result in an hourly rate of approximately $555. The undersigned has previously allowed a § 406(b) award that "render[ed] an hourly rate of approximately $1,536.81." *Ramsey v. Colvin*, Civ. Act. No. 12-00383-N, 2014 WL 806419, at *2 n.5 (S.D. Ala. Feb. 28, 2014).

By all accounts, Counsel appears to have obtained excellent results for his client through his efforts, and a review of the docket for this action does not indicate that Brock has been responsible for any delay. For instance, his social security brief was timely filed, he never requested a deadline extension, and he consented to the undersigned's jurisdiction, thus allowing the undersigned to order remand rather than having to issue a recommendation to the district judge. Having considered the guidance set forth in *Gisbrecht*, the undersigned finds that it is reasonable for Brock to receive his full 25% contingency fee for his representation of the Plaintiff.

### c.    Refund

"[A]n attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client . . . " *Jackson*, 601 F.3d at 1274. "Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision, . . . a refund is[ not] the only way to comply . . . [T]he attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request . . . "*Id.* at 1274. Counsel's Petition states that the previously-awarded EAJA fees ($5,022.81) "are being temporarily held in the firm's trust account for distribution to the Plaintiff, pursuant to 42 U.S.C. § 406(b)", indicating that Counsel intends to refund these fees to the Plaintiff. Doc. 36 at 5.

## III.    Conclusion

Accordingly, it is **ORDERED** that Counsel's petition for attorney's fees under 42 U.S.C. § 406(b) (Doc. 36) is **GRANTED.** It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Byron A. Lassiter be awarded attorney's fees under § 406(b) in the sum of **$8,988.25**.[6] Upon receipt of these § 406(b) fees, Attorney Byron A. Lassiter is **ORDERED** to refund to the Plaintiff the previously-awarded EAJA fees of **$5,022.81**.

**DONE** and **ORDERED** this the 18th day of November 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Judgment for attorney's fees is not entered in a separate document, as allowed by FED. R. CIV. P. 58(a)(3).